CITY OF WESTPORT to the use of WILLIAM HOELZEL, Respondent, v. FRANK J. SMITH, Appellant.

Kansas City Court of Appeals, December 14, 1896.

Municipal Corporations: FOURTH CLASS CITIES: STREET IMPROVEMENT: STATUTE. In August, 1889, the act of May 16, 1889, providing that the property owner should be permitted within a given time to do the work on street improvements in front of his premises, and upon his default the city should cause it to be done, was in force, as section 1592, Revised Statutes, 1889, modifying said act, did not take effect until November thereafter.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED.

*James C. Rieger* and *McDougal & Sebree* for appellant.

When these ordinances were passed providing for the work for which the purported tax bills pretend to be issued, there was no law authorizing a city of the

fourth class to provide for the doing of work and paying for same by tax bills to be issued in favor of contractors and against the adjoining property. The law in force at that time pertaining to such cities was passed in 1877, and may be found in section 4942, Revised Statutes, 1879. Under this law the public work ordered by such cities was first paid for by the city itself and then tax bills in favor of the city might be issued, provided the property owner did not do the work himself. This law remained in force until November 1, 1889, when it was repealed and a new section enacted in lieu thereof. See Laws 1889, page 42; also R. S. 1889, sec. 1592. This new section of 1889, repealing the law of 1877, did not take effect until November 1, 1889. See sections 6614 and 6600, R. S. 1889. The said ordinances pretending to authorize this work were passed in August, 1889. Therefore, at the time such ordinances were passed there was no law authorizing their passage, and they, and all acts under them, were void and of no* effect.

*D. S. Twitchell* and *S. E. Swanson* for respondent.

(1) Westport, at the time ordinances numbered 30 and 36 were passed by her board of aldermen, was a city of the fourth class, and derived the authority to do the acts prescribed in said ordinances from an act of the legislature, Session Laws 1889, pages 42 and 43, sections 1 and 2. Section 4942 of the Revised Statutes, 1879, was, by this act, repealed, and a new section passed in lieu thereof, and said new section became a law from and after its passage, May 16, 1889, under an emergency clause, section 2, of said act, approved May 16, 1889; retaining the old numbering and still being section 4942, as amended. The ordinance, introduced in evidence by appellant, passed by the board of

aldermen of Westport, is applicable to this case only in so far as it is not in conflict with the general law upon the subject of street improvements, and at that time in force, relating to cities of the class to which Westport belonged; that is, the law of 1889, new section 4942, before referred to. In the Revised Statutes, 1889, pages 448 and 449, a new section, number 1592, is found, which became operative November 1, 1889, and by the terms of which, the law relating to street improvements by cities of the fourth class is materially changed as to the issuing tax bills in payment of the work already under way, and as to the enforcement of the lien of special tax bills and the rights of the holder or owner thereof. This statute was in force at the time the work was completed, and for which the tax bills were issued, viz.: February 7 and 11, 1890.

GILL, J.—This is a suit to enforce certain special tax bills issued for the grading and macadamizing of Rosedale avenue in the city of Westport. At the trial in the circuit court there was a judgment in plaintiff's favor and defendant appealed.

Of the several objections urged to defeat the action, we find it necessary to consider and pass on one only, as that is sufficient to invalidate the tax bills. This work was done, and these bills were issued, in pursuance of ordinances passed in August, 1889. The point is, were these ordinances valid. It is objected on the part of defendant that they were not authorized by the law then in force for the government of cities of the fourth class (to which Westport belongs). If this is so, then the tax bills must fail, for a valid ordinance is the very foundation upon which such charges must rest.

As already stated, the ordinances adopted by the Westport council and directing this street improve-

ment, were approved by the mayor in August, 1889. They ordered the work to be done at the expense of the abutting property owners and to be paid for in special tax bills issued to the contractor, and that the city should not be "liable to pay for such work, or any part thereof, otherwise than by the issue of such special tax bills." This was not in accordance with the statute then in force. The authority and powers of the city council in this respect were then fixed by an act of the legislature, approved May 16, 1889 (Laws of Missouri, 1889, p. 42), which in effect provided that the property owner himself should be permitted, within a time named by ordinance, to do the work in front of his premises, and if he failed, then the city should cause it to be done, and, having paid therefor, should sue and recover the cost thereof from the abutting owner. This act of May 16, 1889, was passed with an emergency clause, and took effect from and after its approval by the governor. It was therefore in force in the August following, when the ordinances in question were adopted. It seems that at the same session of the general assembly, by the enactment of a section inconsistent with section 4942, Revised Statutes, 1879, the law was further amended. See section 1592, Revised Statutes, 1889. But this latter statute did not become operative until November 1, 1889. Section 6614, Revised Statutes, 1889. It seems likely that the Westport authorities, when seeking to make this street improvement, erroneously concluded that the last named statute (that is, section 1592, of the revision of 1889), was the law controlling their action in August, 1889. But such clearly was not the fact, since, as already stated, said section 1592 did not become the law until more than two months after the adoption of the ordinances of August, 1889. At that time, to wit,

<div style="margin-left:2em; font-size:small">MUNICIPAL corporations: fourth class cities: street improvement: statute.</div>

August, 1889, the act of May 16, 1889, was in full force; and it was only repealed as of November 1, 1889, when section 1592 (an inconsistent provision) took effect.

It of course is well understood, and has been repeatedly so declared, that in fastening these charges on the property owner the law must be followed in every substantial particular. Here the statute in force at the date of the ordinances providing for this work was not followed; the law as it then existed did not warrant such ordinances. They were, therefore, illegal, and the tax bills based thereon are void.

Judgment reversed. All concur.